No. 954 Southern Plymouth, ss.
VALLANCOURT (Lewis H. Miller)
v. SMITH (George L. Wainwright)
From the Second District Court of Plymouth—Kirby, J.
Argued Dec. 10, 1941—Opinion filed Jan. 14, 1942

ESTES, J. (Rowe, J., and Rollins, J.)—I. In this action of tort, finding was for the plaintiff. The defendant filed a request for report and draft report. After hearing on the draft report, the trial Judge made the report which is before us. The parties were notified and the defendant filed the required copies of the report. His attorney wrote to the court substantially requesting the Judge to amend the report by inserting two statements which he claimed were in evidence. This was not in the form of a motion. The court took no action. The defendant later filed a motion asking this division to recommit the report for amend' ment. The plaintiff contended that the statements were not in evidence.

We think the defendant has mistaken his remedy. He should have filed a petition to establish the report in the form he claimed to be correct. Rule 30 of the District Courts (1940). We are of the opinion that Rule 28 does not apply in this

situation. The defendant, however, acted properly in protecting himself so that he can be heard on the report made by the trial Judge. We think that when the court filed this report it operated as a denial of the report requested by the defendant. If he had filed a petition to establish the report in the form he desired, and the petition had been disallowed, by filing the copies of this report he would then be in a position, as he now is, to proceed on the report made by the trial court. It he had not filed copies, he would probably be precluded from proceeding on this report. See *Prall* v. *Andrews* (App. Div.) B. & T. January 2, 1939, Page 2.

The motion to recommit must be denied, but the defendant has complied with the rules and we, therefore, proceed to consider the report made.

II. Emily Vallancourt, hereinafter called the plaintiff, was the owner of an automobile. It was being operated by. her husband, Paul Vallancourt, and she was riding with him. He was on an errand of his own. There was a collision, at an intersection of two streets, with an automobile operated by the defendant.

The plaintiff sued on two counts, (1) for personal injuries, (2) for property damage to her automobile. Later, by motion, the husband was joined as a party plaintiff, and the declaration was amended by adding a third count, for medical expenses and services. The court filed findings as follows: "In the above-entitled action I find for the plaintiff in the sum of five hundred dollars, and costs Property damage $285.00 and Paul Vallancourt $200.00."

The evidence was conflicting. The plaintiff filed nine requests for rulings, and the defendant filed five. The defendant argues that the third request of the plaintiff should not have been given, and that his (defendant) fifth should have been given. No argument is made about the other requests and we treat them as waived, although it may be noted that the defendant's first and second requests do not comply with Rule 27, and that there was ample evidence on which the court could base a finding of negligence on the part of the defendant, and due care of the operator of the plaintiff's automobile.

We are of the opinion that the statements the defendant desired to have inserted in the report would add nothing to his contentions. It would have been wiser for the court to have filed written findings, but even with the above statements added we find no harmful error in the denial of the defendant's fifth request.

2. What we have said above applies with equal force to the allowance of the plaintiff's third request. The only evidence on which finding could be made for the defendant came from him. This, as has been said, was nullified by the cross examination. He first testified to facts which he said in his cross examination could not have happened, and that, in effect, he did

not know what happened, and that he did not "see the other car until" the cars were ten feet from the point of contact. With that evidence, we think what was said by the plaintiff in direct examination was nullified, and that the record is left without evidence to warrant a finding for the defendant, or to find contributory negligence on the part of either plaintiff.

Consequently, the citations by the defendant lose their point.

No objection appears to have been made, nor is any now urged, as to the propriety of the amendment to the writ and declaration to join the husband as a party, and to add a third count for medical expenses and services. Hence, we do not consider that.

The order is Motion Denied.

Report dismissed.